JOSEPH H. TOWNSEND v. ISRAEL S. JENNISON.

*Currency. Specie. Coin. Contract. Practice. Jurisdiction.*

Questions concerning the kind of money in which debts are payable arise upon the laws of the United States, and cases involving them, which are of sufficient importance in amount, may pass from the state court to the supreme court of the United States; and the decisions of that court are binding in authority upon the state court.

That court has settled by repeated decisions that in actions upon debts due in coin, the value in currency of the amount of the debts in coin when due is not the true rule of damages.

Where the debt was made payable in *specie*, it was held erroneous for the court to decide that the plaintiff was entitled to recover the premium on *silver coin* at the time the debt was due, and the interest thereon, in addition to the amount of the debt, there being more than one kind of money called specie, and the kinds being capable of different values.

Where a debt is not made payable in any particular kind of money, the creditor is entitled to recover only the amount thereof, with proper interest, in currency.

Where a judgment of the county court is reversed in the supreme court, and the record shows clearly what judgment should have been rendered in the county court, generally such a judgment is rendered in the supreme court as should have been rendered in the county court, with such allowances in respect to interest and costs as are proper. In this case the record was not sufficient to enable the supreme court to decide what judgment was proper.

ACTION of assumpsit on three promissory notes, dated July 23, 1866, for the sum of one hundred and eighty-one dollars and forty-one cents, payable in specie. The declaration also contained the common counts, under which the plaintiff filed his specification. Plea, the general issue and pleas in offset, trial by jury, September term, 1870, WILSON, J., presiding.

The plaintiff claimed in his specifications cash to be paid by August 5th, 1866, in specie, $100, and for work from July 7th, 1866, to November 10th, 1866, 69½ days, at $3 per day in specie, $208.50. The amount of credits in silver were $127.99, leaving a balance of $180.51, which the plaintiff claimed in addition to the notes.

The notes were in ordinary form, except that they were payable in specie. They were each for $181.41, all being dated July 23, 1866, and were executed by J. S. Dennison, and made payable to J. H. Townsend, or order, one in four months, one in eight months, one in twelve months from date, without interest.

The notes were given, and the work was done, in pursuance of a written contract, wherein it was provided that the payments should be made in specie. The contract also provided that the defendant should pay the plaintiff $100 by August 5th, 1866, as claimed in the said specifications, but did not provide that it should be paid in specie, or any particular kind of money. The jury, by instruction of the court, returned a special verdict, finding the amount due on the several notes, principal and interest, and the amount due for work, and the amount due on the one hundred dollar item, and also found what was the premium on silver coin, at the time each item of indebtedness became due, and also the interest on the amount of the premium as found. They also found that the plaintiff had not broken his contract with the defendant, and that nothing was due the defendant on his pleas in offset.

The county court decided *pro forma* that the plaintiff was entitled to recover the premium on silver coin at the time the respective payments became due on the notes and other written contracts, and interest thereon, in addition to the amount of the notes and sums found due on the contract, amounting in all to the sum of $1216.18. To the decision of the court in allowing said premium, the defendant excepted.

*H. S. Royce* and *Davis & Adams*, for the defendants.

The question presented by the exceptions is, what premium should be allowed upon the several sums found due the plaintiff, which are payable in specie or silver coin. If we consider specie

as a commodity, and not currency, then a quantity of that commodity equal in value to the sum due would be sufficient to pay, and no premium should be added. *Rodes* v. *Brunson*, 34 N. Y., 649. If not a commodity, but currency, then an amount of that currency equal to the sum due at the time of payment, should be sufficient to liquidate the indebtedness. If paid in any other currency, the only premium that should be required is such as would make it equal to the currency in which it is expressly made payable at the time of payment. The amount due in specie at the time of verdict, is $883.17. Silver was then at a premium of 8 per cent. Percentage is $70.65, which added makes $953.82, which is the largest sum for which judgment should be rendered. The $100, found by the jury in answer to question 12, is not payable in specie. Hence no premium should be added. The judgment is too large under the findings of the jury. At most the judgment should be for only $1188.60.

*Edson & Rand*, for the plaintiff.

The notes and amounts to be paid under the contract were by their terms to be paid in specie. The notes were made and the contract entered into since the passage of the legal tender act, and the validity and binding force of such contracts is recognized and sustained by the recent decisions of the supreme court of the United States. The jury by their verdict have found the several amounts due, and the premium at the time they became due, and the decision of the court allowing the premium in addition to the amounts found due, with interest thereon, was, as we think, correct; but if the court should hold such decision to be erroneous, then we claim the judgment of this court should be for the amount found due by the jury, payable in gold and silver coin. *Franklin* v. *Colburne*, 59 Penn., 382; *Rankin* v. *Dermont*, 61 Penn., 263; *Bronson* v. *Rodes*, 7 Wall., 229; *Butler* v. *Horrister*, 7 Wall., 258.

The plaintiff is entitled to a judgment for the market value (in legal tender notes) of specie, at the time the notes fell due, with interest thereon, or he is entitled to a judgment to be paid in specie. *Dewing* v. *Sears*, 11 Wall., 379.

The opinion of the court was delivered by

WHEELER, J. The judgment of the county court appears to have been made up upon the ground that the plaintiff was entitled to recover the value, in currency, of the amount of his claims in silver coin, at the times when they respectively fell due, with interest on these amounts from those times to the time of the judgment. The questions concerning these different kinds of money arise upon the laws of the United States, and cases involving them, when of sufficient importance in amount, may pass from this court to the supreme court of the United States. In such cases, that court is higher than this, and is the court of last resort; and the decisions of that court in such cases are not only of great weight because of the respect due to the high character of the court, but they are binding in authority upon this court. That court has settled, by repeated decisions in cases involving these questions, that in actions upon debts due in coin, the value in currency of the amount of the debts in coin, when due, is not the true rule of damages. *Bronson* v. *Rodes*, 7 Wall., 229; *Dewing* v. *Sears*, 11 Wall., 379. The notes and the claims of the plaintiff for labor, in this case, were due in specie, without any specification of the kind of specie. If they had been due in silver coin, the judgment of the county court would have been erroneous; and being due in specie, there being more that one kind of money called specie, and the kinds being capable of different values, that judgment is more clearly erroneous in that respect. The county court included in the judgment one hundred dollars, as being due upon the written contract at the value in currency of that amount in silver coin, the same as in the other claims. This sum was not by the terms of that contract due in specie, or in any particular kind of money. The judgment upon this claim for that part of it beyond the amount of the claim in currency, with interest, was erroneous, according to many decisions of state courts, and several decisions of the supreme court of the United States; and among these last are the decisions in *Knox* v. *Lee*, and *Parker* v. *Davis*, in which opinions have just been announced. For these reasons the judgment of the county court must be reversed.

When a judgment of the county court is reversed in this court, and the record shows clearly what judgment should have been rendered in that court, generally such a judgment is rendered here as should have been rendered there, with such allowances in respect to interest and costs as are proper. The record in this case shows nothing but the special verdict, the notes, the written agreement, the amount due the plaintiff for services, and the premium on silver coin at the times when the debts fell due, with some computations.

The premium on silver coin may not have been and probably was not equal to that upon gold coin; and specie to an amount sufficient to pay either of these claims would include some if not all gold coin; but if the premium was equal on each, it probably was not the same when the debts fell due as at the time when judgment was rendered, nor as it is now, and no judgment can now be rendered upon this record, for the amount or value of these debts, in currency, at any time except at the time when the debts fell due, as was done by the county court. No judgment can be rendered for the recovery of the damages in specie only, for one of the claims was and is due in currency only, as has been seen. And if a judgment for a part of the damages in specie and part in currency would be proper, the exact amount of that part in specie could not be ascertained from this record, for the time when the services were rendered, for which the defendant was found liable, was not found or stated; and if interest is allowable upon that item it could not be computed.

For these reasons the cause must be remanded for a new trial.

The suggestions now made concerning the want of a sufficient record from which to make up a judgment in this court, are not intended to guide any future decision of the county court as to the rule of damages or the form of the judgment, but are made with reference solely to the reversal of the judgment rendered, and to the remanding of the case.

Judgment reversed and cause remanded.